## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

**SHAHIN INDOREWALA,**

  Plaintiff,

v.

**FAST TRAK MANAGEMENT, INC.,**
a Maryland corporation;

  Defendant.

Case No.

Hon.

Magistrate

_____/

## COMPLAINT AND JURY DEMAND

  Plaintiff **SHAHIN INDOREWALA**, by and through her attorneys, CAIR Legal Defense Fund, brings this action against **FAST TRAK MANAGEMENT, INC.** ("Defendant" or "Fast Trak"), for compensatory and punitive damages, declaratory and injunctive relief, prejudgment and post-judgment interest, costs and attorneys' fees for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII") committed when Defendant denied Ms. Indorewala a reasonable religious accommodation and refused to hire her on the basis of her faith.

### Jurisdiction and Venue

  1. Plaintiff's claim for discrimination on the basis of religion in violation of Title VII is brought pursuant to 42 U.S.C. § 2000(e)-5.

  2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

  3. This Court has personal jurisdiction over Defendant because Defendant conducts business in the Commonwealth of Virginia.

  4. Venue is proper pursuant to 28 U.S.C. § 1391 as to Defendant because Defendant conducts business in this judicial district and this district is where a substantial part of the events or omissions giving rise to the claims occurred.

5. Costs and attorneys' fees may be awarded pursuant to Title VII, 42 U.S.C. § 2000e-5(k) and Fed. R. Civ. P. 54.

## Parties

6. Plaintiff Shahin Indorewala is a female Muslim and was a prospective employee of Defendant Fast Trak Management, Inc. Ms. Indorewala resides in this judicial district.

7. Defendant Fast Trak Management, Inc. ("Fast Trak") is a for profit corporation incorporated under the laws of Maryland (Business Entity No. D15013741). Defendant Fast Trak's headquarters and principal place of business is located at 2735 Hartland Rd, Suite 100 in Falls Church, Virginia. Fast Trak regularly and systematically conducts business in the Commonwealth of Virginia and within this judicial district. Fast Trak was at all relevant times an "employer" as the term is defined in Title VII.

## Administrative History

8. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") on November 28, 2018.

9. The EEOC issued a Notice of Right to Sue on June 27, 2019.

10. This Complaint is being timely filed within 90 days from the date Plaintiff received the Notice of Right to Sue from the EEOC.

11. Plaintiff has exhausted her administrative remedies.

## Factual Background

12. Ms. Shahin Indorewala is a graduate of George Mason University with a Bachelor's Degree in English Language and Literature. She currently works at the Center for Autism & Related Disorders where she provides autistic children with individualized care to help them achieve the necessary life skills to lead a healthy and happy life. She also has extensive marketing experience, including creating and managing social media campaigns, creating and running advertisements, liaising

with board members, and conducting community outreach. Further, Ms. Indorewala has several years of teaching experience, including conducting evaluations and creating personalized learning plans, providing English teaching instruction for grades 6-12, teaching AP English, and advising students regarding college and career choices.

13. In order to gain more experience in the marketing sector, Ms. Indorewala applied for an entry-level manager position with Defendant Fast Trak.

14. On September 3, 2018, Human Resources ("HR") Director Nicky Gordon informed Ms. Indorewala that she was selected for an interview because the "hiring director saw qualities in [her] resume which we are looking for. We are a marketing company."

15. Ms. Gordon went on to explain that after the interview, Ms. Indorewala would be "transition[ed] in the Account Management position. Here, you will teach, train, and manage all of the new reps as they are hired. In 5/6 months you'll transition into opening a new location and running the business yourself."

16. The following day, Ms. Indorewala appeared for the interview, which was scheduled with Corporate Executive Officer Ramses Gavilondo ("CEO Gavilondo"). CEO Gavilondo asked Ms. Indorewala to tell him about herself and asked why she believed she would be a good fit for Fast Trak. The interview lasted approximately ten minutes and CEO Gavilondo ended by asking whether she would like to work part-time or full-time.

17. Later that day, a Fast Trak employee called Ms. Indorewala to congratulate her and asked her to come in the next day wearing professional attire. HR Director Gordon also contacted Ms. Indorewala and sent her a congratulatory email advising her to come in for a meeting the next day and to bring a notepad and pen.

18. The next day, Ms. Indorewala met with Fast Trak Assistant Manager Josie ("Assistant Manager Josie"), who provided Ms. Indorewala with her job duties, informing her that she would be

working on a large contract with Verizon. Assistant Manager Josie also explained to her the promotions process.

19.     Finally, Assistant Manager Josie provided Ms. Indorewala with her schedule. In response, Ms. Indorewala requested a religious accommodation to allow her to take two short five-minute breaks in order to perform her obligatory prayers, in accordance with her sincerely held religious beliefs.  She suggested shortening her hour and a half lunch break to accommodate her request.

20.     Assistant Manager Josie abruptly ended the meeting after denying her request for two five-minute breaks to allow her to pray, before walking her to a common area, and – in front of other staff– announcing to CEO Gavilondo that Ms. Indorewala's "hours don't work for her."

21.     He immediately threw his arms up in the air and chastised her exclaiming "this is a business."

22.     He then pointed at her *hijab*[1] and mocked her, saying "Religion? I don't wanna deal with that here. We don't want those shenanigans here."

23.     He took Ms. Indorewala's file, crossed out her information, and refused to hire her.

24.     Ms. Indorewala was humiliated, especially when she noticed Fast Trak employees staring at her in silence and disbelief.  She quietly walked out at approximately 11 am and Defendant Fast Trak never reached out to her again.

25.     Defendant acted in a conscious disregard or reckless indifference to Ms. Indorewala's right to be free from religious discrimination in the workplace, knowing full well that Title VII required, unless excused by undue hardship, reasonable accommodations of its employees' sincerely-held religious beliefs, by denying her a reasonable religious accommodation and refusing to hire her on the basis of her faith.

---

[1] A *hijab* is a religious head covering worn by Muslim women.

26. Defendant Fast Trak acted with malice due to pique at Ms. Indorewala's request for a reasonable religious accommodation.

27. As a direct and proximate result of Defendant's actions, Ms. Indorewala has suffered emotional distress, anxiety, humiliation, inconvenience, lost wages and benefits and other consequential damages.

### Claims for Relief

### Count I
### Religious Discrimination in Violation of Title VII

28. Plaintiff hereby realleges and incorporates by reference herein the foregoing paragraphs as if fully set forth herein.

29. Defendant violated Title VII by (1) subjecting Plaintiff to harassment, intimidation and a hostile work environment for exercising her sincerely-held religious beliefs; (2) denying her a reasonable religious accommodation of two five-minute prayer breaks in exchange for a shortened lunch break; and, (3) refusing to hire Plaintiff by terminating her meeting and crossing out her job application in response to her having a requested a reasonable religious accommodation and on the basis of her faith.

30. Plaintiff's request for a religious accommodation of two five-minute prayer breaks in exchange for a shortened lunch break does not constitute undue hardship upon Defendant or otherwise affect Defendant's business operations.

WHEREFORE, Plaintiff requests this Honorable Court grant relief in the form described in the Prayer for Relief below, plus all such other relief this Honorable Court deems just and proper, including costs and attorneys' fees incurred in this action.

### Count II
### Retaliation in Violation of Title VII

31. Plaintiff hereby realleges and incorporates by reference herein the foregoing paragraphs as if fully set forth herein.

32. Defendant retaliated against Plaintiff in violation of Title VII by terminating her employment in response to her having a requested a reasonable religious accommodation and on the basis of her faith.

WHEREFORE, Plaintiff requests this Honorable Court grant relief in the form described in the Prayer for Relief below, plus all such other relief this Honorable Court deems just and proper, including costs and attorneys' fees incurred in this action.

## Prayer for Relief

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in her favor and against Defendant, on each and every count in this Complaint, and enter an Order awarding the following relief:

A. An injunction prohibiting Defendant from intimidating, harassing and threatening workers based on their religion;

B. An injunction ordering Defendant to institute a religious accommodation allowing Muslim workers to take short prayer breaks to perform their obligatory prayers during the prescribed timeframes;

C. Payment for all economic damages, including but not limited to, back pay, front pay, and lost benefits;

D. Payment for non-economic damages, including emotional harm;

E. Punitive damages;

F. Statutory damages;

G. An award of attorneys' fees, costs and expenses of all litigation; and,

F. Any further relief to which Plaintiff is entitled or that this Honorable Court deems just and proper.

## JURY DEMAND

NOW COMES Plaintiff, by and through her undersigned counsel, and hereby demands a trial by jury of the above-referenced causes of action.

**CAIR LEGAL DEFENSE FUND**

By: /s/ *Gadeir Abbas*
Lena F. Masri (93291)
Gadeir I. Abbas (81161) α
Zanah Ghalawanji (MI: P83116) α β
453 New Jersey Ave., SE
Washington, DC 20003
Phone: (202) 742-6420
Fax: (202) 379-3317

α *Licensed in VA, not in D.C. Practice limited to federal matters.*
β Pro hac vice pending

Dated:  September 24, 2019