IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SHAHIN INDOREWALA,

  Plaintiff,

v.                                               Case No. 1:19-cv-01233-AJT-JFA

FAST TRAK MANAGEMENT, INC.,

  Defendant.

## ANSWER

NOW COMES the Defendant, Fast Trak Management, Inc. ("Fast Trak"), by counsel, and denies that it violated Title VII of the Civil Rights Act of 1964, discriminated against the Plaintiff, refused to provide a reasonable accommodation to Plaintiff's religious belief or that it refused to hire Plaintiff. In further Answer to the Plaintiff's Complaint, Fast Trak denies that it is liable to the Plaintiff, denies that the Plaintiff is entitled to the amount requested or any amount, and further states as follows:

### Jurisdiction and Venue

1.     In response to ¶ 1 of the Complaint, Fast Trak admits that Plaintiff attempts to assert a claim under Title VII, but denies that it has violated Title VII and further denies that it discriminated or retaliated against Plaintiff on the basis of religion.

2.     In response to ¶ 2 of the Complaint, Fast Trak admits that the Court has jurisdiction over claims brought pursuant to Title VII, but denies that the Court has subject matter jurisdiction over the claims brought against Fast Trak or that Fast Trak violated Title VII in any way.

3.     Fast Trak admits the allegations contained in ¶ 3 of the Complaint.

4. In response to ¶ 4 of the Complaint, Fast Trak admits that venue is proper in this Court, but denies that there were any unlawful employment practices or that Fast Trak took any acts that give rise to a claim on behalf of Plaintiff.

5. In response to ¶ 5 of the Complaint, Fast Trak avers that the allegations contained therein merely state a legal conclusion to which no response is required. To the extent a response is required, Fast Trak denies that Plaintiff is entitled to costs and attorneys' fees in this matter.

## Parties

6. In response to ¶ 6 of the Complaint, Fast Trak admits that Plaintiff was a prospective employee. Fast Trak is without sufficient information to admit or deny the remaining allegations contained in ¶ 6 of the Complaint and, therefore, denies them.

7. In response to ¶ 7 of the Complaint, Fast Trak admits that it is a for-profit corporation incorporated under the laws of Maryland with its headquarters and principal place of business at 2735 Harland Road, Suite 100, Falls Church, Virginia. Fast Trak further admits that it conducts business in Virginia. The remaining allegations contained in ¶ 7 of the Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Fast Trak denies the remaining allegations.

## Administrative History

8. Fast Trak admits the allegations contained in ¶ 8 of the Complaint.

9. Fast Trak admits the allegations contained in ¶ 9 of the Complaint.

10. Fast Trak admits the allegations contained in ¶ 10 of the Complaint.

11.     Paragraph 11 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Fast Trak denies the allegations contained in ¶ 11 of the Complaint.

**Factual Background**

12.     Fast Trak is without sufficient information to admit or deny the allegations contained in ¶ 12 of the Complaint and, therefore, denies them.

13.     In response to ¶ 13 of the Complaint, Fast Trak admits that Plaintiff applied for an entry-level marketing manager position.  Fast Trak is without sufficient information to admit or deny the remaining allegations contained within ¶ 13 of the Complaint and, therefore, denies them.

14.     In response to ¶ 14 of the Complaint, Fast Trak admits that, on September 3, 2018, a Fast Trak Human Resources employee informed Plaintiff that she was selected for an interview.  Fast Trak denies any and all remaining allegations contained in ¶ 14 of the Complaint in the manner and form alleged.

15.     Fast Trak denies the allegations contained in ¶ 15 of the Complaint in the manner and form alleged.

16.     In response to ¶ 16 of the Complaint, Fast Trak admits that, on September 4, 2018, Ramses Gavilondo conducted an interview of Plaintiff.  Fast Trak denies any and all remaining allegations contained in ¶ 16 of the Complaint in the manner and form alleged.

17.     In response to ¶ 17 of the Complaint, Fast Trak admits that an employee contacted Plaintiff via telephone and email and invited her to return for a second interview on September 5, 2018 wearing professional attire and bringing a notepad and a pen.  Fast Trak denies any and all remaining allegations contained in ¶ 17 of the Complaint in the manner and form alleged.

18.     In response to ¶ 18 of the Complaint, Fast Trak admits that Plaintiff met with Fast Trak Team Leader Josie on September 6, 2018, who provided Plaintiff information concerning job duties for an entry level marketing manager, advised that the job was working to sell Verizon products and services, and explained the Fast Trak promotional process. Fast Trak denies any and all remaining allegations contained in ¶ 18 of the Complaint in the manner and form alleged.

19.     In response to ¶ 19 of the Complaint, Fast Trak admits that Fast Trak Team Leader Josie provided Plaintiff information regarding the Fast Trak work schedule, that Plaintiff requested time to pray in accordance with her religious beliefs, and that Plaintiff suggested reducing her 90 minute lunch break to accommodate her request. Fast Trak denies any and all remaining allegations contained in ¶ 19 of the Complaint in the manner and form alleged.

20.     Fast Trak denies the allegations contained in ¶ 20 of the Complaint.

21.     Fast Trak denies the allegations contained in ¶ 21 of the Complaint in the manner and form alleged.

22.     Fast Trak denies the allegations contained in ¶ 22 of the Complaint in the manner and form alleged.

23.     Fast Trak denies the allegations contained in ¶ 23 of the Complaint.

24.     Fast Trak denies the allegations contained in ¶ 24 of the Complaint.

25.     Fast Trak denies the allegations contained in ¶ 25 of the Complaint.

26.     Fast Trak denies the allegations contained in ¶ 26 of the Complaint.

27.     Fast Trak denies the allegations contained in ¶ 27 of the Complaint.

### Claims for Relief

#### Count I
#### Religious Discrimination in Violation of Title VII

28. In response to ¶ 28 of the Complaint, Fast Trak incorporates by reference ¶¶ 1-27 of this Answer as if set forth fully herein.

29. Fast Trak denies the allegations contained in ¶ 29 of the Complaint.

30. Fast Trak admits the allegations contained in ¶ 30 of the Complaint.

#### Count II
#### Retaliation in Violation of Title VII

31. In response to ¶ 31 of the Complaint, Fast Trak incorporates by reference ¶¶ 1-30 of this Answer as if set forth fully herein.

32. Fast Trak denies the allegations contained in ¶ 32 of the Complaint.

### Prayer For Relief

33. In response to Plaintiff's prayer for relief, Fast Trak denies that Plaintiff is entitled to the relief requested, including the relief requested in subparagraphs A-F.

### Special and Affirmative Defenses

34. Fast Trak denies that the Plaintiff is entitled to the relief requested.

35. Fast Trak avers that all actions taken were in good faith and based on legitimate reasons and not solely or in part, based on retaliatory, illegal, or discriminatory motives or considerations.

36. Fast Trak denies that the Plaintiff was subject to any unlawful discrimination or retaliation, or that Title VII was violated in any way.

37.     Fast Trak avers that Plaintiff did not take advantage of the reasonable accommodation offered to Plaintiff and further avers that no tangible employment action was taken against the Plaintiff sufficient to state a claim.

38.     Fast Trak denies all allegations not specifically admitted herein.

39.     Fast Trak will rely on all other properly provable defenses to this action which are revealed through investigation, discovery or at trial and reserves the right to amend this Answer to the Complaint at any time.

WHEREFORE, for the foregoing reasons, Fast Trak Management, Inc., by counsel, respectfully requests judgment in its favor together with costs and attorney fees expended.

**Trial by jury is demanded.**

**FAST TRAK MANAGEMENT, INC.**

By Counsel

/s/
Melissa Y. York (VSB No. 77493)
Counsel for Fast Trak Management, Inc.
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
myork@hccw.com

## **C E R T I F I C A T E**

  I hereby certify that on the 30 day of October, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Lena F Masri, Esq.
    CAIR Legal Defense Fund
    453 New Jersey Avenue SE
    Washington, DC 20003
    202-742-6420 - Phone
    202-379-3317 - Fax
    lmasri@cair.com

    Gadeir I. Abbas, Esq.
    Cair National Legal Defense Fund
    453 New Jersey Ave SE
    Washington, DC 20003
    202-488-8787 - Phone
    202-379-3317 - Fax
    gabbas@cair.com

            /s/
            Melissa Y. York (VSB No. 77493)
            Counsel for Fast Trak Management, Inc.
            Harman, Claytor, Corrigan & Wellman
            P.O. Box 70280
            Richmond, Virginia 23255
            804-747-5200 - Phone
            804-747-6085 - Fax
            myork@hccw.com